NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3842
_____

UNITED STATES OF AMERICA

v.

ISHMAEL GARRETT,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 09-cr-00241-009)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted Under Third Circuit LAR 34.1(a)
October 23, 2012

Before:  HARDIMAN, GREENAWAY, JR., and VANASKIE, *Circuit Judges*.

(Filed: November 13, 2012)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Ishmael Garrett appeals his judgment of sentence on drug-related crimes.  He asks

us to revisit whether a prior conviction under Pennsylvania's misdemeanor resisting arrest

1

statute, 18 Pa. Cons. Stat. § 5104, qualifies as a "crime of violence" under the United States Sentencing Guidelines (USSG).  Because we have previously held that resisting arrest in Pennsylvania is a crime of violence, *United States v. Stinson*, 592 F.3d 460, 466 (3d Cir. 2010), and because the District Court correctly assessed Garrett's criminal history, we will affirm.

## I

We write for the parties, who are well acquainted with the case, so we review only briefly the essential facts and procedural history.

Garrett pleaded guilty to two counts of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846, and two counts of distribution and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Because Garrett was designated a career offender, his offense level was 31 and his criminal history category was VI, which resulted in a Guidelines range of 188–235 months' imprisonment.  The Government recommended a downward departure of two offense levels for substantial assistance, which would have resulted in a Guidelines range of 151–188 months.

At sentencing, Garrett objected to his designation as a career offender, arguing that his Pennsylvania state conviction for resisting arrest was not a crime of violence.  The District Court disagreed.  Nevertheless, on the strength of the Government's motion for downward departure, and after considering Garrett's individual history and

characteristics, the District Court sentenced Garrett to a term of 110 months'

imprisonment to be followed by a four-year term of supervised release.

## II

Garrett raises three issues on appeal: (1) the District Court's decision to classify

him as a career offender; (2) the assessment of criminal history points for his prior

convictions; and (3) the Court's failure to vary downward even further based on over-

representation of his criminal history.

We review sentencing decisions for abuse of discretion, looking first for

procedural error and then examining the sentence for substantive reasonableness. *United*

*States v. Wise*, 515 F.3d 207, 217–18 (3d Cir. 2008). We review a district court's legal

interpretation of the Guidelines de novo. *United States v. Grier*, 475 F.3d 556, 570 (3d

Cir. 2007) (en banc). "[I]f [an] asserted procedural error is purely factual, our review is

highly deferential and we will conclude there has been an abuse of discretion only if the

district court's findings are clearly erroneous." *Wise*, 515 F.3d at 217. In evaluating a

challenge to the substantive reasonableness of a sentence, we must affirm "unless no

reasonable sentencing court would have imposed the same sentence on that particular

defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d

558, 568 (3d Cir. 2009) (en banc).

## A

Garrett argues that the District Court erred in designating him a career offender

because his Pennsylvania conviction for resisting arrest is not a crime of violence. Nor is it a predicate offense, Garrett contends, because he initially received an aggregate sentence of only twelve months' probation for the crime. Garrett is incorrect on both counts.

According to Pennsylvania's resisting arrest statute,

> [a] person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person [1] creates a substantial risk of bodily injury to the public servant or anyone else, or [2] employs means justifying or requiring substantial force to overcome the resistance.

18 Pa. Cons. Stat. § 5104.

To qualify as a career offender under the Sentencing Guidelines, Garrett must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). The Guidelines define a "crime of violence" to include any offense that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a).

Garrett contends that his conviction for resisting arrest is not a crime of violence. But we held precisely the opposite in *Stinson*, 592 F.3d at 464–66, which Garrett failed to

4

cite in his opening brief.[1]  Garrett claims that because he only briefly fled from police and quickly surrendered, his actions underlying his resisting arrest offense do not involve "purposeful, violent, and aggressive conduct" and therefore do not amount to a crime of violence.  *See Begay v. United States*, 553 U.S. 137,144–45 (2008) (finding New Mexico's DUI offense was not a violent felony in part because it does not involve "purposeful, violent, and aggressive conduct").

Garrett's argument fails because *Stinson* established that a conviction under 18 Pa. Cons. Stat. § 5104 satisfies the second clause of the definition of "crime of violence," in which the phrase "physical force" does not appear.  *Stinson* held that both means of violating the Pennsylvania resisting arrest statute—"[1] creat[ing] a substantial risk of bodily injury to the public servant or anyone else, or [2] employ[ing] means justifying or requiring substantial force to overcome the resistance"—fit within the residual clause of the Guidelines definition because § 5104 does not cover passive resistance, such as "lying down" or "going limp."  *Stinson*, 592 F.3d at 465–66.  Therefore, it criminalized only "purposeful, violent, and aggressive" acts that present a serious potential risk of physical injury to another.  *Id.* at 466 (quoting *Begay*, 553 U.S. at 144).  Even assuming Garrett accurately frames the conduct that led to his resisting arrest conviction, running from the

---

[1] Counsel is cautioned in future cases to be mindful that "[a] lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client . . . ."  Pa. Rule of Prof. Conduct 3.3(a)(2) (2012).

police to avoid arrest "involves conduct that presents a serious risk of physical injury to another" as distinguished from mere passive resistance. Therefore, Garrett's resisting arrest offense falls squarely within *Stinson*'s definition of a crime of violence.

Garrett also argues that his resisting arrest conviction cannot be counted as a crime of violence because he initially received a sentence of twelve months' probation. Under USSG § 4B1.1, a sentence for resisting arrest should be counted toward career offender status only if "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days . . . ." *See* USSG § 4B1.2 cmt 3 (citing USSG § 4A1.2(c)). Garrett's *initial* sentence is immaterial, however, because his probation was revoked and he was resentenced to 23 days to 23½ months' imprisonment. That sentence is implicated by the Guidelines, which state:

> Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the time period under which certain sentences are counted as provided in § 4A1.2(d)(2) and (e).

USSG § 4A1.2(k)(2).

Under § 4A1.2(e)(1), "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within the fifteen years of the defendant's commencement of the instant offense is counted." Garrett's revocation sentence of 23½ months imprisonment was imposed on June 2, 2004. Garrett's offense conduct, which at the very latest occurred in March 2009 when he sold cocaine to a confidential source, fell within the required fifteen year window. Thus, it counts toward career offender status

6

under § 4B1.1.

For these reasons, the District Court did not err in finding that Garrett's previous conviction for resisting arrest qualified as a predicate offense for purposes of the career offender Guideline.

B

Garrett next argues that the District Court erred in assessing one criminal history point for his conviction for possession with intent to deliver a controlled substance and three criminal history points for resisting arrest. We disagree.

Garrett contends that he should have been assessed no points for his July 14, 1999 conviction for possession with intent to deliver a controlled substance. Under USSG § 4A1.1(c), a defendant should receive one point unless the sentence was "imposed more than ten years prior to the defendant's commencement of the instant offense . . . ." § 4A1.1(c) cmt 3. As reviewed above, Garrett's offense conduct dates back to at least March of 2009, when he sold cocaine to a confidential informant. Because March 2009 is within ten years of July 1999, the District Court was correct to assess Garrett one point for his controlled substance conviction.

Garrett also argues that he should have been assessed one point for his resisting arrest conviction instead of three points under §§ 4A1.1(a) and 4A1.2(c) because he was originally sentenced to twelve months' probation. This initial sentence is of no help to Garrett, however, because he was sentenced to 23½ months in prison after his probation

7

was revoked. Accordingly, USSG § 4A1.2(c) does not apply.

For the reasons stated, the District Court did not err in assessing Garrett one point for his controlled substance conviction and three points for his resisting arrest conviction.

C

Finally, Garrett contends that his Guidelines range should have been 70–87 months because he should have had nine criminal history points and an offense level of 23. This argument is based on the fallacious premises that the Court improperly found Garrett to be a career offender and that he should have been assessed no criminal history points for his controlled substance conviction and one point for resisting arrest. As we have explained, the District Court correctly found Garrett to be a career offender and properly assessed one and three points for the controlled substance and resisting arrest convictions, respectively.

Alternatively, Garrett argues that even if the Court correctly computed his Guidelines range, a downward variance was nonetheless justified considering the discretionary factors listed in 18 U.S.C. § 3553(a) because his career offender status over-represented his criminal history. The District Court took into account the Presentence Investigation Report and the Government's departure recommendation. It also considered Garrett's requests for a downward departure and for a variance under § 3553(a). The Court's final sentencing determination was 110 months' imprisonment, which was 41 months below what the Guidelines range would have been following the Government's

8

motion and 30 months below what the Guidelines range would have been had the District Court applied a one-category reduction for over-representation. *See* USSG § 4A1.3(b)(3)(A). Because the record shows that the District Court adequately considered the § 3553(a) factors, we cannot find that the sentence as a whole was substantively unreasonable. *See Grier*, 475 F.3d at 571 ("The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).").

Accordingly, the District Court did not commit procedural or substantive error in imposing Garrett's sentence.

III

For the foregoing reasons, we will affirm the District Court's judgment of sentence.